FILED
2017 APR 20 PM 1:36
US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SHIRLEY JN JOHNSON, individual<br><br>Plaintiff,<br><br>v.<br><br>NEW DESTINY CHRISTIAN CENTER CHURCH, INC., Florida not for profit corporation a/k/a Paula White Ministries<br><br>PAULA MICHELLE WHITE, individually and in her official capacity as President, Director and Senior Pastor of New Destiny Christian Center Church, Inc., a/k/a PAULA MICHELLE CAIN<br><br>Defendants.<br>_____/ | CASE NO:<br>6:17-CV-710-ORL-37 KRS<br><br>VERIFIED COMPLAINT FOR §512(f) MISREPRESENTATION and ABUSE OF PROCESS |

### PLAINTIFF'S VERIFIED COMPLAINT FOR 17 U.S.C. §512(f) MISREPRESENTATION AND ABUSE OF PROCESS.

Plaintiff, Shirley Jn Johnson, *pro se*, sues Defendants New Destiny Christian Center Church, Inc. (NDCC) and Paula Michelle White for 17 U.S.C. §512(f) Misrepresentation and Abuse of Process.

### JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this 17 U.S.C. §512(f) action under 28 U.S.C. §1331 federal question and §1332 (a)(1) and (c)(1) diversity; as this matter stems from an action over which this court had original jurisdiction.

2.   There is complete diversity of citizenship: Plaintiff is a citizen of Washington State; and Corporate Defendant New Destiny Christian Center Church, Inc. (NDCC) and Defendant Paula Michelle White/Cain are citizens of Florida.

1

33   3. This Court has supplemental jurisdiction over the state law Abuse of Process
34 action under 28 U.S.C. §1367(a) because the claims are so related to the claims over
35 which this Court has original jurisdiction and form a part of the same case or controversy.

36   4. This court has personal jurisdiction over Corporate Defendant NDCC and
37 Defendant Paula Michelle White pursuant to Fla. Stat. 48.193(1)(a)1.- 3. [2016].

38   5. Venue is proper in the Middle District of Florida, Orlando Division under
39 28 U.S.C. §1391 (a)(1), (b)(1)-(2), (c)(1)-(2) because Corporate Defendant NDCC does
40 business in Orange County and Defendant Paula Michelle White is domiciled and does
41 business in Orange County; and events which gave rise to this claim occurred in this
42 Judicial District.

43 <center>**PARTIES**</center>

44   6. Shirley Jn Johnson is an individual over the age of 18 years, domiciled in
45 Washington State and her legal mailing address is P.O. Box 58818 – Seattle, WA 98138;
46 herein referred to as ("Plaintiff"). Plaintiff maintains an internet site,
47 http://www.theremnantsjnj.com and a You Tube channel, theremnantsjnj, which contain
48 Biblical messages and videos regarding televangelists and mega-church preachers.

49   7. New Destiny Christian Center Church, Inc. (NDCC) is a 501(c)(3) not for
50 profit corporation which was incorporated in the state of Florida and maintains its
51 principal place of business in Orange County at 505 E. McCormick Road – Apopka, FL
52 32703; herein referred to as ("PWM/NDCC") or ("Corporate Defendant"). NDCC also
53 operates under the fictitious name, Paula White Ministries (PWM) for the purpose of
54 conducting business online; herein referred to as (PWM).

8. Paula Michelle White a/k/a Paula Michelle Cain is an individual over the age of 18 years, domiciled in Florida and is President of the Board, a Director, President and Senior Pastor of PWM/NDCC, herein referred to as ("Defendant White"). PWM/NDCC and Defendant White are collectively referred to herein as ("Defendants").

9. Paula Michelle White/Cain has been known to use other aliases such as Paula Michelle Furr, Paula Knight, Paula M. Knight and Paula F. Knight – she is a T.V. personality, author and public speaker.

## INTRODUCTION

10. Plaintiff brings this action against Defendants for 17 U.S.C. §512(f) Misrepresentation and Abuse of Process. Defendants' misuse of the Copyright Act and abuse of the judicial process was done maliciously in retaliation against Plaintiff in an effort to remove evidence and to suppress Plaintiff's criticism of Paula Michelle White. Plaintiff maintains an internet site, http://www.theremnantsjnj.com and a You Tube channel, theremnantsjnj, which contain Biblical messages and videos exposing televangelists and mega-church preachers. Plaintiff uses the internet as the principal means of communicating her messages to the global community.

11. Paula White Ministries is a global ministry that uses the internet, television, radio, literature and public speaking as its primary vehicles of communication.

## FACTUAL ALLEGATIONS / BACKGROUND

12. At all times material, Defendant White was and is employed by Corporate Defendant PWM/NDCC as its Senior Pastor and President; and was and is the President of the Board and a Director.

77   13.   Since around 2005, in accordance with 17 U.S.C. §107, Plaintiff has
78 lawfully used short clips of Defendant White's sermons which Plaintiff recorded from
79 Corporate Defendant's television and internet broadcasts.

80   14.   On Friday night, February 4, 2012, Defendant White was the subject of
81 discussion on the Don Miller radio show, where a gentleman stated that Paula White had
82 been wrapped in a Jewish scroll. (Exhibit 1, CD – Clip 1).

83   15.   On Saturday morning, February 5, 2012 – through her attorney – Defendant
84 White "unequivocally" and "categorically" denied ever having been wrapped in the scroll
85 and threatened to sue the person who made the statement. (See Exhibit 2, Newspaper
86 article).

87   16.   After threatening to sue, that same Saturday afternoon of February 5, 2012,
88 under penalty of perjury, PWM made material §512(f) misrepresentations to You Tube
89 stating that Plaintiff had infringed PWM's copyrights.

90   17.   In reliance on PWM's §512(f) misrepresentations, on February 6, 2012, You
91 Tube removed numerous videos and then terminated Plaintiff's channel. (See Exhibit 3-1
92 and 3-2, DMCA takedown emails from You Tube).

93   18.   PWM willfully, knowingly and materially misrepresented that it owned
94 copyrights to some of the content in Plaintiff's videos, which You Tube removed from
95 Plaintiff's channel on February 6, 2012.

96   19.   The §512(f) misrepresentations contained in the DMCA takedown notices,
97 were material to You Tube's decision to remove the videos and terminate Plaintiff's
98 channel on February 6, 2012.

99  20. Plaintiff did not infringe PWM's copyrights as PWM did not hold a valid
100  copyright registration or certificate to the content contained in Plaintiff's videos at the
101  time of the misrepresentations, and the material was used lawfully in accordance with
102  17 U.S.C. §107 of the Copyright Act.

103  21. After You Tube terminated Plaintiff's channel, Plaintiff filed a counter
104  notification with You Tube to restore the videos; You Tube restored Plaintiff's channel
105  three (3) months later on May 14, 2012, including the scroll wrapping-video.

106  22. On June 22, 2012, four (4) months *after* PWM made the §512(f)
107  misrepresentations to You Tube, PWM applied for a copyright registration for some of
108  Defendant White's sermons from 2010-2011, only. (See Exhibit 4 – Copyright
109  Registration).

110  23. PWM made the §512(f) misrepresentations not for a matter of copyright
111  infringement, but rather in an attempt to get rid of the evidence of Paula White wrapped
112  in a Jewish scroll, along with other videos in order to silence Plaintiff's criticism of
113  Defendant White and her Biblical teachings.

114  24. On October 7, 2013, PWM sent Plaintiff a Cease and Desist letter, falsely
115  claiming that Plaintiff's videos were infringing PWM's copyrights. (See Exhibit 5 –
116  Cease and Desist Letter).

117  25. On October 13, 2013, Defendant White stated to her congregation and
118  online viewers that *she* was in a battle that she would win because the fight was fixed and
119  that she intended to stop the enemy [Plaintiff] because *she* felt mocked and reproached.
120  (See Exhibit 1, CD – Clip 2).

121  26. On October 21, 2013, Plaintiff responded to Defendants' Cease and Desist
122 letter; refusing to remove the videos. (See Exhibit 6 – Response to Cease and Desist
123 Letter).

124  27. Five (5) months later on March 27, 2014, PWM filed a bogus unverified
125 Copyright Infringement Complaint against Plaintiff – *Paula White Ministries v. Johnson -*
126 *Case No. 6:14-cv-00497-Orl-31DAB*, which was voluntarily dismissed, *res judicata*, per
127 Court Order on January 21, 2015. (See Exhibit 7-1 and 7-2 – Court Orders).

128  28. On October 8, 2015, Plaintiff filed a Verified Complaint for Malicious
129 Prosecution along with allegations of §512(f) misrepresentation, abuse of process and
130 First Amendment violation, against Defendants – *Johnson v. New Destiny Christian*
131 *Center Church, Inc., et al, Case No. 6:15-cv-1698-Orl-37GJK*; Plaintiff filed her Third
132 Amended Verified Complaint for Malicious Prosecution along with allegations of §512(f)
133 misrepresentations, abuse of process and First Amendment violation on August 18, 2016.

134  29. On March 23, 2017, the Court dismissed Plaintiff's §512(f) claim without
135 prejudice due to lack of federal question and Plaintiff now re-files this present 17 U.S.C.
136 §512(f) Misrepresentation and Abuse of Process action.

137 **COUNT I – MISREPRESENTATION OF COPYRIGHT CLAIMS UNDER THE**
138 **DIGITIAL MILLENNIUM COPYRIGHT ACT (DMCA) 17 U.S.C. § 512 (f)**
139
140  30. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-12
141 and 27-29 as though fully set forth herein.

142  31. 17 U.S.C. §512(f) provides that "any person who knowingly materially
143 misrepresents under this section-- (1) that material or activity is infringing, or (2) that
144 material or activity was removed or disabled by mistake or misidentification, shall be

liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer ... who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing..."

32. On October 13, 2013, Defendant White stated to her congregation and online viewers that she was going to stop the enemy and that she was going to do damage to and be a menace to the enemy [Plaintiff] – five (5) months later she filed the bogus Copyright Infringement Complaint on March 27, 2014.

33. During the copyright infringement litigation, on May 2, 2014, PWM/NDCC willfully, knowingly and materially made numerous third-party §512(f) misrepresentations to You Tube stating that Plaintiff's videos were infringing PWM's copyrights.

34. In reliance on PWM/NDCC's §512(f) misrepresentations, You Tube removed numerous videos from Plaintiff's channel on May 2, 2014. (See Exhibit 8 – DMCA takedown emails).

35. Several of the videos that were removed from Plaintiff's channel had nothing to do with PWM, Defendant White or NDCC, and neither Defendant owned third-party copyrights to any of the content in those videos.

36. On May 14, 2014, Plaintiff filed a counter notification with You Tube to restore the videos. (See Exhibit 9 – Counter Notification). On June 4, 2014, You Tube advised Plaintiff that it would not reinstate the videos because PWM/NDCC had filed a

166 Copyright Infringement Complaint against Plaintiff – *Case No. 6:14-cv-00497-Orl-*
167 *31DAB*. (See Exhibit 10 – You Tube Notice).

168     37. On July 1 2014, still during the copyright litigation, PWM/NDCC again
169 willfully, knowingly and materially made §512(f) misrepresentations to You Tube that
170 Plaintiff's videos were infringing PWM's copyrights.

171     38. In reliance on PWM/NDCC's §512(f) misrepresentations, You Tube again
172 terminated Plaintiff's channel on July 1, 2014. (See Exhibit 11 – You Tube Notice).

173     39. After the Copyright Infringement Lawsuit ended, Plaintiff's You Tube
174 channel was restored on or about February 2, 2015.

175     40. On March 6, 2015 and May 20, 2015, PWM/NDCC willfully, knowingly,
176 materially and blatantly disregarded the Court's Order and made more §512(f)
177 misrepresentations to You Tube falsely claiming that Plaintiff's videos were infringing
178 PWM/NDCC's copyrights.

179     41. In reliance on PWM/NDCC's §512(f) misrepresentations, You Tube
180 removed more videos from Plaintiff's channel on March 6, 2015 and May 20, 2015. (See
181 Exhibits 12 and 13 – You Tube Takedown Notices).

182     42. PWM/NDCC's March 6, 2015 §512(f) misrepresentation to You Tube
183 claiming that Plaintiff's video infringed PWM/NDCC's copyrights was made by one of
184 PWM/NDCC's own attorneys at Nejame Law. (See Exhibit 14-1 and 14-2, 14-3, 14-4 –
185 PWM/NDCC Attorney).

186     43. One area of practice that Nejame Law specializes in is Intellectual
187 Property, http://www.nejamelaw.com/intellectual-property-attorney.html, namely

8

188 copyright – therefore PWM/NDCC's attorney knew or should have known that Plaintiff's
189 video was not infringing PWM/NDCC's copyrights.

190    44.    The copyright infringement complaint was prosecuted by the then-attorney
191 for the firm at Nejame Law (See Exhibit 5), and the founder of Nejame Law is a friend of
192 Defendant White. (See Exhibit 1, CD – Clip 3).

193    45.    PWM/NDCC's May 20, 2015 §512(f) misrepresentation to You Tube
194 claiming that Plaintiff's video was infringing PWM's copyrights was made by Defendant
195 White's son. (See Exhibit 15-1, 15-2 and 15-3).

196    46.    Corporate Defendant PWM/NDCC and Defendant White *knew*, at the time
197 that they and their authorized representatives made each and every §512(f)
198 misrepresentation to You Tube that their claims of copyright infringement were false and
199 were made for an improper purpose.

200    47.    Under penalty of perjury, Corporate Defendants PWM/NDCC – through
201 its authorized representatives – made all the §512(f) material misrepresentations
202 maliciously in retaliation against Plaintiff because Paula White had been exposed by
203 Plaintiff's videos.

204    48.    PWM/NDCC's willful §512(f) misrepresentations were made for the
205 improper purpose of chilling free speech in order to deprive the general public of
206 knowing the truth about Paula Michelle White/Cain; and in furtherance of Defendant
207 White's public declaration to harass and become a menace to Plaintiff.

208    49.    As a direct and proximate result of Defendants' willful and wanton
209 actions, and You Tube's reliance on PWM/NDCC's §512(f) misrepresentations, Plaintiff

has been irreparably injured in an amount to be determined at trial. Plaintiff's injuries include:

50. Plaintiff's You Tube channel was terminated for seven (7) months which halted Plaintiff's ability to communicate her ministry messages globally, while PWM was permitted to continue its global ministry via You Tube, in spite of its DMCA misuse;

51. Plaintiff was maliciously deprived of her First Amendment right to free speech for seven (7) months; and

52. Subsequently, PWM/NDCC's §512(f) misrepresentations led to Defendants' filing of the bogus Copyright Infringement Complaint on March 27, 2014 which caused irreparable mental and emotional injury to Plaintiff and Plaintiff incurred costs in defending against Defendants' false copyright claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) Pierce PWM/NDCC's veil and hold Corporate Defendant New Destiny Christian Center Church, Inc. and Defendant Paula Michelle White/Cain jointly and severally liable pursuant to Fla. Stat. §617.0834 (1)(b)3.(2)(a)(1)-(2.) [2016] for the following damages resulting from Defendants' malicious §512(f) misrepresentations:

(b) general and compensatory damages and any and all costs incurred in prosecuting this present case pursuant to 17 U.S.C. §512(f); and

(c) punitive damages pursuant to Fla. Stat. §768.73(1)(c), as a result of Defendants' fraudulent and malicious misuse of the Copyright Act.

(d) Such further relief as this Honorable Court deems just and proper.

232     (e)     Plaintiff requests a jury trial for all triable issues.

233                   **COUNT II – ABUSE OF PROCESS**

234     53.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-12
235 and 46-48 as though fully set forth herein.

236     54.     Under penalty of perjury, PWM/NDCC deliberately used the DMCA
237 takedown system for improper purposes which is prohibited by 17 U.S.C. §512(f).

238     55.     PWM/NDCC used the DMCA takedown process with the ulterior motive of
239 removing evidence of Paula White wrapped in a Jewish scroll and other videos exposing
240 Paula White as a false preacher – and not for a matter of copyright infringement as falsely
241 alleged.

242     56.     Following the §512(f) misrepresentations, PWM/NDCC brought and
243 continued the previous fabricated copyright infringement action against Plaintiff with the
244 same ulterior motive of using (or misusing) the Judicial System to intimidate, punish,
245 shame, harass and attempt to extort millions of dollars from Plaintiff.

246     57.     PWM/NDCC stated a prayer for judgment against Plaintiff falsely
247 claiming statutory damages in the amount of $150,000 per [108] alleged infringement[s]
248 pursuant to 17 U.S.C. §504, or through disgorgement; plus attorney's fees per 17 U.S.C.
249 §505, and other costs and unspecified damages. (See *Copyright Complaint Case No.*
250 *6:14-cv-00497-Orl-31DAB)*.

251     58.     During the Malicious Prosecution litigation, *Case No. 6:15-cv-1698-Orl-*
252 *37GJK* (which is ongoing), PWM/NDCC deposed Plaintiff on November 21, 2016 for the
253 improper purpose of obtaining Plaintiff's personal information, and to harass or "irritate"

Plaintiff as stated by Defendant White. Ninety-nine percent of the questions were irrelevant or barred by the doctrine of *res judicata*.

59. Defendants filed a motion which compelled Plaintiff to disclose her daughter's personal information, under the pretense of noticing her for deposition. However to-date, Defendants have not contacted Plaintiff's daughter and the discovery period has ended.

60. Defendants filed the motion to compel and used the discovery process for the improper purpose of obtaining Plaintiff's and her daughter's personal information so that it may be used at a later date for nefarious purposes by Defendant White and/or her previous Counsel, who consistently referred to Defendant White simply as Pastor Paula.

61. As a direct and proximate result of Defendants' malicious abuse of the DMCA process, Plaintiff has been irreparably injured in an amount to be determined at trial. Plaintiff's injuries include:

62. Due to You Tube's terminating Plaintiff's channel, Plaintiff was maliciously deprived of her First Amendment right to free speech for seven (7) months.

63. As a direct and proximate result of Defendants' filing the copyright infringement complaint for an improper purpose, Plaintiff suffered emotional and mental injuries and had to spend time, energy, effort and money in defending against Defendants' false copyright claims.

64. As a Direct and proximate result of Defendants' misuse of the discovery process during the malicious prosecution action, Plaintiff and her daughter will forever be fearful that one day their personal information will be used for nefarious purposes.

276           **PIERCING THE CORPORATE VEIL**

277      65.    The filing of the false DMCA notifications to You Tube and the false
278 copyright infringement complaint were personal vendettas of Defendant White. (See
279 Exhibit 1, CD – Clip 1).

280      66.    On April 28, 2016, Defendant White stated to her congregation and online
281 viewers that she had gotten herself into a "few messes" in her lifetime. She stated that
282 one of the messes that she got herself into is that *she* took on a situation where somebody
283 was persecuting *her* and she took it to a legal situation.

284      67.    On May 1, 2016, Defendant White began to name the names of her
285 perceived persecutors, but did not call Plaintiff's name because she was in a present
286 lawsuit. (See Exhibit 1, CD – Clip 4).

287      68.    In Exhibit 1, Clip 4, Defendant White was speaking of the underlying
288 copyright infringement lawsuit and Plaintiff in the present malicious prosecution lawsuit.
289 She let it go into a legal situation – not because of copyright infringement – but because
290 she, (Defendant White), felt that *she* was being written about, talked about and persecuted
291 via the internet and newspapers.

292      69.    Defendant White filed or authorized the filing of the §512(f)
293 misrepresentations and the copyright infringement lawsuit purely for personal reasons;
294 and not for a corporate matter of copyright infringement of PWM/NDCC's materials, as
295 falsely alleged in the §512(f) misrepresentations to You Tube and in the copyright
296 infringement complaint.

297     70.    Defendant White authorized the §512(f) misrepresentations and the filing
298 of the copyright infringement complaint to remove evidence of her wrapped in a scroll
299 and to fulfill her promise of becoming a menace to Plaintiff, as well as to chill free
300 speech and to deprive the general public of knowing the truth about Paula Michelle White
301 – and not for a matter of copyright infringement.

302     71.    As President of PWM/NDCC, Paula Michelle White/Cain was and is the
303 moving conscious force behind the malicious actions of PWM/NDCC. (See Exhibit 1,
304 CD – Clips 5 and 6).

305     72.    Defendant White *knew, or should have known* at the time PWM/NDCC
306 sent each and every §512(f) copyright notification to You Tube, and when PWM filed the
307 copyright infringement complaint, that PWM/NDCC's claims were false.

308     73.    Defendant White filed or authorized the filing of the previous §512(f)
309 misrepresentations and copyright infringement lawsuit under the fictitious name PWM to
310 avoid personal liability for her actions and to avoid legal expenses.

311 <div align="center"><u>**PRAYER FOR RELIEF**</u></div>

312 WHEREFORE, Plaintiff demands judgment against Defendants as follows:

313 (a) pierce PWM/NDCC's veil and hold Corporate Defendant New Destiny
314 Christian Center Church, Inc. and Defendant Paula Michelle White/Cain jointly and
315 severally liable pursuant to Fla. Stat. §617.0834 (1)(b)3.(2)(a)(1)-(2.) [2016] for the
316 following damages resulting from Defendants' abuse of process:

317 (b) general and compensatory damages for abuse of process and any and all
318 costs incurred in prosecuting this present case pursuant to 17 U.S.C. §512(f); and

319     (c)     punitive damages pursuant to Fla. Stat. §768.73(1)(c); as a result of
320 Defendants' malicious abuse of process and;

321     (d)     Such further relief as this Honorable Court deems just and proper.

322     (e)     Plaintiff requests a jury trial for all triable issues.

323

324 Dated: April 19, 2017               Respectfully submitted:

325
326                                                    Shirley Jn Johnson
327                                                    PRO SE LITIGANT
328                                                    theremnantsjnj@yahoo.com
329                                                    P.O. Box 58818
330                                                    Seattle, WA 98138
331                                                    Telephone: 253-846-6805

332

333                                             VERIFICATION

334     Under penalty of perjury, I declare that I have read the foregoing Plaintiff's
335 Verified Complaint for §512(f) Misrepresentation and Abuse of Process and Exhibits 1-
336 16 and the facts alleged therein are true and correct to the best of my knowledge and
337 belief, except as to matters alleged on information and belief, and, as to those, I believe
338 them to be true.

339                                                   By:
340                                                    Shirley Jn Johnson
341
342

343     On this ___19___ day of ___April___ 2017, before me personally
344 appeared SHIRLEY JN JOHNSON who ___ is personally known to me or _X_ who
345 produced a ___Washington___ driver's license bearing her name and
346 photograph as identification, and who executed this document.

347 ___Henrietta B Rhodes___ Commission Expires: 05/30/2020
348 Notary Public
349

Notary Public
State of Washington
HENRIETTA B RHODES
My Appointment Expires May 30, 2020

15

350                              <u>CERTIFICATE OF SERVICE</u>

351        I HEREBY CERTIFY that on, April 19, 2017, this Plaintiff's Verified Complaint

352   for §512(f) Misrepresentation and Abuse of Process and Exhibits 1-16 and Summonses

353   were sent via Express U.S. Mail to be filed with the Clerk of the Court.

354                                                 By: /s/ Shirley Jn Johnson
355                                                      Shirley Jn Johnson