UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHIRLEY JN JOHNSON,**

       **Plaintiff,**

**v.**                                                                 **Case No: 6:17-cv-710-Orl-37DCI**

**NEW DESTINY CHRISTIAN CENTER**
**CHURCH, INC. and PAULA**
**MICHELLE WHITE,**

       **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PROTECTIVE ORDER (Doc. 49)** |
| **FILED:** | **July 20, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

### I.  BACKGROUND

The Court previously discussed the background of this case in detail in the Court's order (Doc. 30 at 1-4) on Defendants' motion to dismiss and the Court will not repeat the entire history here. Suffice it to say that the parties have a history of adverse litigation related to this case. *See Paula White Ministries v. Johnson*, Case No. 6:14-cv-497-GAP-DAB (the Copyright Action); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, Case No. 6:15-cv-1698-Orl-37GJK (the Malicious Prosecution Action).

Here, Plaintiff alleges two causes of action against Defendants: (1) misrepresentation of copyright claims under 17 U.S.C. § 512(f); and (2) abuse of process. *See* Doc. 31 (the Amended Complaint). The abuse of process claim stems from the Copyright Action. Specifically, Plaintiff alleges that Defendants continued the Copyright Action against Plaintiff with the "ulterior motive of using (or misusing) the Judicial System to intimidate, punish, shame, harass[,] and attempt to extort millions of dollars from [her]." *See* Docs. 30 at 10-11; 31 at 11. Plaintiff seeks, in part, punitive damages pursuant to Florida Statutes § 768.73(1)(c) as a result of "Defendants' malicious abuse of process." Doc. 31 at 14.

On July 20, 2018, Defendants filed a motion for protective order. Doc. 49 (the Motion). Therein, Defendants argued, in part, that the Court should enter a protective order deferring financial discovery because the allegations in the Amended Complaint do not set forth a reasonable basis for punitive damages. *Id*. at 14-17.

On August 6, 2018, Plaintiff filed a response in opposition to the Motion, arguing, in part, that financial discovery is appropriate in this case because Plaintiff's Amended Complaint sets forth a reasonable basis for the award of punitive damages pursuant to Fla. Stat. § 768.73(1)(c). Doc. 54 (the Response). Plaintiff further argued that the Court should take the procedural history of the Malicious Prosecution Action into account. *Id*. at 8.

On September 19, 2018, Defendants filed a memorandum in support of the Motion. Doc. 66. In the memorandum, Defendants argued, in part, that Plaintiff's punitive damages claim is based on the same evidence that Plaintiff used in the Malicious Prosecution Action; evidence the Court already found insufficient as a basis to award punitive damages. Doc. 66 at 1-2.

On September 24, 2018, Plaintiff filed a motion for leave to file a reply to Defendants' memorandum, arguing that Defendants' memorandum took her words out of context. Doc. 67.

Plaintiff also argued that she submitted an additional fifty-four videos to Defendants on September 21 and 22, 2018. *Id*. Although the Court denied Plaintiff's motion for leave to file a reply, *see* Doc. 68, the Court will consider Plaintiff's arguments on their merits.

## II.     LEGAL STANDARD

A protective order may be entered to protect a party or individual from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party moving for a protective order must show "good cause" exists for the court to issue such an order. *Id*. In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *See McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989).

## III.    DISCUSSION

This Court previously considered Plaintiff's request for financial discovery in the Malicious Prosecution Action. In that case, Plaintiff alleged, in part, that the defendants filed the Copyright Action "for purely personal reasons; and not for a corporate matter of copyright infringement." Doc. 76 at 5 of the Malicious Prosecution Action. Plaintiff alleged that Ms. White "stated to her congregation and online viewers that *she* intended to stop the enemy because *she* felt mocked and reproached [by Plaintiff]." *Id*. (emphasis and alteration in original). Plaintiff further alleged that Ms. White said that she "'intended to do damage and be a menace' to the enemy [Plaintiff] – five (5) months later she filed the bogus Copyright Infringement Complaint." *Id*. at 14 (alteration in original). Plaintiff alleged that Ms. White brought the Copyright Action in "retaliation because White was angry because she had been exposed by Plaintiff's videos." *Id*. at 11. Plaintiff alleged that the Copyright Action "was nothing but a personal vendetta" and that the Copyright Action was brought with "malice, evil motive and intent, . . . fully knowing that Plaintiff

did not infringe [the defendants'] copyrights." *Id*. at 11, 13.  Plaintiff alleged that the defendants brought the Copyright Action with the "ulterior motive of using (or misusing) the Judicial System to intimidate, punish, shame, harass and attempt to extort millions of dollars from Plaintiff." *Id*. at 14.

When considering Plaintiff's request for financial discovery, Magistrate Judge Kelly explained as follows:

> Defendants argue that the Court must address whether Ms. Johnson made a reasonable showing that demonstrates a reasonable basis for the recovery of punitive damages before they respond to financial disclosure requests. Defendants rely on Florida Statute section 768.72(1), which states:
>
>> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. . . . No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
>
> Section 768.72(1)'s pleading requirements are preempted in federal court by the Federal Rules of Civil Procedure. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001). In *Porter v. Ogden, Newell & Welch*, the court noted that Section 768.72 "has a discovery component which states that '[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.'" *Id*. (citing Fla. Stat. § 768.72). The defendants in *Porter* argued that the plaintiffs were required to produce evidence or make a proffer of evidence that shows a reasonable basis for a punitive damages claim. *Id*. Because the plaintiffs made a proffer of evidence that reasonably supported their claim, the court did not determine whether or not federal discovery rules preempted Section 768.72. *Id*. The court noted, however, that "[u]nder Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. Instead, a plaintiff must plead specific acts committed by a defendant." *Id*. at 1341 (citations omitted). *Thus, to state a claim for punitive damages, a plaintiff must allege specific acts, not merely conclusory allegations. Id*.

Doc. 103 at 7-8 of the Malicious Prosecution Action (emphasis added).  Applying that standard to the facts of the Malicious Prosecution Action, Judge Kelly found that Plaintiff was "entitled to some financial information from Defendants."  *Id*. at 8.

Then, when considering a motion to dismiss, Judge Dalton stated as follows:

> In evaluating the applicability of [Florida Statute § 768.72(1)] in diversity cases, the Eleventh Circuit has divided it into two separate components: (1) the pleading component, which requires a plaintiff to obtain leave of court before including a prayer for punitive damages in his complaint ("**Pleading Component**"); and (2) the discovery component, which requires a plaintiff who has made a claim for punitive damages to produce evidence or make a proffer of evidence that shows a reasonable basis for the punitive damages claim ("**Discovery Component**"). *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001). Due to its conflict with Rule 8(a)(3), the Eleventh Circuit has held that the Pleading Component of § 768.72 is inapplicable in federal diversity cases. *Cohen*, 184 F.3d at 1299. However, courts within this Circuit have held that the Discovery Component remains viable and is satisfied where a plaintiff pleads specific acts committed by a defendant that provide a reasonable basis to support a punitive damages claim. [(citations omitted)].

Doc. 131 at 15 of the Malicious Prosecution Action (emphasis in original). In his reasoning, Judge Dalton also explained that Plaintiff had satisfied the Discovery Component and that he had affirmed – and continued to affirm – Judge Kelly's finding that Plaintiff had satisfied the Discovery Component. *Id*. at 16.

On July 31, 2018, Judge Dalton entered a memorandum opinion and order following a two-day bench trial. Doc. 264 of the Malicious Prosecution Action. In that order, Judge Dalton found that Plaintiff was not entitled to punitive damages. *Id*. at 16-17. Specifically, Judge Dalton found that there was insufficient evidence to award punitive damages. *Id*. Judge Dalton reviewed the video clips Plaintiff relied on for the allegations in her complaint and found that the clips either did not indicate any malice or ill will toward Plaintiff, or, in some instances, did not refer to Plaintiff at all. *Id*. at 7-10. Judge Dalton also found that a good faith basis existed to support the Copyright Action, and that the defendants' primary purpose for initiating the Copyright Action was to prevent copyright infringement. *Id*. at 13-17.

In the instant case, Plaintiff's Complaint is substantially similar to the complaint in the Malicious Prosecution Action to the extent it seeks punitive damages. Plaintiff alleges that

Defendants "willfully, knowingly and materially misrepresented [in the Copyright Action] that [they] owned copyrights to some of the content in Plaintiff's videos." *See* Doc. 31 at 4. Plaintiff alleges that "Defendant White stated to her congregation and online viewers that *she* was in a battle that she would win because the fight was fixed and that she intended to stop the enemy [Plaintiff] because *she* felt mocked and reproached." *Id*. at 5 (emphasis and alteration in original). Plaintiff alleges that "[f]ive (5) months later . . . , [Defendants] filed a bogus unverified Copyright Infringement Complaint against Plaintiff." *Id*. at 6. Plaintiff alleges that Defendant White said that she "let it go into a legal situation – not because of copyright infringement – but because she, (Defendant White), felt that *she* was being written about, talked about and persecuted via the internet and newspapers. *Id*. at 13 (emphasis in original). Plaintiff alleges that the Copyright Action was a "personal vendetta[] of Defendant White. *Id*. at 12. Plaintiff alleges that Defendants brought the Copyright Action with the "ulterior motive of using (or misusing) the Judicial System to intimidate, punish, shame, harass and attempt to extort millions of dollars from Plaintiff." *Id*. at 11.

Under typical circumstances, Plaintiff's allegations would establish a reasonable basis to support a punitive damages claim and therefore satisfy the Discovery Component of Fla. Stat. § 768.72(1). However, this is not a typical case. Here, Plaintiff raised substantially the same allegations in a prior case – the Malicious Prosecution Action – and this Court found that Plaintiff's evidence was insufficient to support an award of punitive damages. Doc. 264 at 7-10, 13-17 of the Malicious Prosecution Action. In addition, this Court found that the "[the defendants] relied on [their] counsel to investigate whether a good faith basis existed to support the copyright infringement claim," and found credible "that [the defendants] had a good faith basis to sue

[Plaintiff] for copyright infringement, and [that the defendants'] primary purpose for initiating the [Copyright Action] was to prevent such infringement." *Id*. at 17.

In *Porter*, the Eleventh Circuit left open the question of whether the discovery component of section 768.72 applies to financial worth discovery concerning punitive damages claims brought in diversity cases. 241 F.3d at 1340 (11th Cir. 2001). Since that decision, the weight of authority in this District has leaned heavily in favor of applying the discovery component of section 768.72 to financial worth discovery concerning punitive damages claims in diversity cases. *See, e.g.*, *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se.*, LLC, No. 3:13-CV-306-J-34JRK, 2015 WL 12838175, at *5 (M.D. Fla. May 4, 2015) ("In the Middle District of Florida, Courts have consistently viewed the discovery component of § 768.72(1) (requiring a showing of a reasonable basis in the evidence for an award of punitive damages before a party is entitled to discover financial worth information) as substantive and therefore applicable in diversity actions.") (citations omitted) *see also Haaf v. Flagler Const. Equip., LLC*, 2011 WL 1871159, at *1-3 (S.D. Fla. May 16, 2011) (requiring record evidence to satisfy the discovery component of § 768.72(1)); *but see Cervenec v. Borden Dairy Co. of Fla., LLC*, 2015 WL 13567434, at *4 (S.D. Fla. Oct. 16, 2015). Indeed, in the related Malicious Prosecution Action, the Court applied the discovery component of section 768.72 to Plaintiff's financial worth discovery requests and, in doing so, explained that courts within the Eleventh Circuit have held that the discovery component is satisfied when a plaintiff pleads specific acts committed by a defendant that provide a reasonable basis to support a punitive damages claim. *See Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 6:16-cv-2001-ORL-31GJK, 2017 WL 8893863, at *7 (M.D. Fla. July 27, 2017) (discussing the Malicious Prosecution Action). Thus, the Court finds it appropriate to apply the discovery component of section 768.72 to Plaintiff's financial worth discovery requests in this case.

But this case presents a unique factual and procedural issue: while the Court found that the discovery component was met in the Malicious Prosecution Action, the Court in that same case ultimately found that Plaintiff presented insufficient evidence to award punitive damages. Now, Plaintiff relies upon that same evidence to support her punitive damages claim in this case. Considering this Court's ultimate findings in the Malicious Prosecution Action, Plaintiff has not now pled a reasonable basis to support a punitive damages claim for the purposes of satisfying the discovery component. To find otherwise would be a determination that factual allegations the Court has already deemed actually insufficient to support punitive damages provide a reasonable basis to support a punitive damages claim. Of course, this would be a completely innocuous finding on a different timeline – it is very often that pleadings initially deemed reasonable turn out to be unsupported at summary judgment or trial. But here, unlike in the Malicious Prosecution Action, the Court has already determined that the evidence supporting the allegations is insufficient. Thus, on these unique facts, the Court cannot say that Plaintiff has stated a reasonable basis to support a punitive damages claim. Moreover, Plaintiff did not plead any significant new specific acts allegedly committed by Defendants that would provide a reasonable basis to support a punitive damages claim. Instead, Plaintiff relied on the same allegations as in the Malicious Prosecution Action. And to the extent that Plaintiff argues that there is additional evidence supporting her claim for punitive damages, Plaintiff neither provided the Court with such evidence, nor pled any significant new specific acts based upon that purported evidence. *See* Doc. 67. Given the foregoing, the Court finds that Plaintiff failed to plead a reasonable basis to support a punitive damages claim, and, thus, that the Motion is due to be granted to the extent that Plaintiff's request for financial discovery is deferred. *See* Doc. 49 at 17 (asking the Court to "postpone financial discovery until dispositive motions have been ruled on"); *Gallina v. Commerce & Indus. Ins.*, No.

8:06-CV-1529-T-27EAJ, 2008 WL 3895918, at *1, 4-5 (recognizing the importance of § 768.72's protection against unwarranted financial worth discovery and holding that the defendant was not required to produce the requested financial discovery until it becomes apparent to the court that punitive damages can be awarded).

## IV. CONCLUSION

Accordingly, the Motion (Doc. 49) is **GRANTED in part** to the extent that Defendants need not respond to Plaintiff's request for financial discovery is deferred.  The Motion (Doc. 49) is otherwise **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 23, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties