# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHIRLEY JN JOHNSON,**

       **Plaintiff,**

v.                                              Case No:  6:17-cv-710-Orl-37DCI

**NEW DESTINY CHRISTIAN CENTER CHURCH, INC. and PAULA MICHELLE WHITE,**

       **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **VERIFIED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. 69)** |
| **FILED:** | September 28, 2018 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

On April 20, 2017, Plaintiff filed a complaint for "17 U.S.C. §512(f) Misrepresentation and Abuse of Process." Doc. 1.  On July 14, 2017, the Court entered a Case Management and Scheduling Order (the CMSO) wherein the Court set the deadline to add parties or amend pleadings for August 14, 2017.  Doc. 25.  The Court also set the deadline to complete discovery for October 1, 2018 and the deadline to file dispositive motions for November 1, 2018.  *Id*.

On September 13, 2017, Plaintiff filed an amended complaint (the Complaint), which serves as the operative complaint in this matter. *See* Docs. 30; 31; 32; 33; 34. Defendants filed their answer on September 27, 2017.

On Friday, September 28, 2018, more than one year since the deadline to amend pleadings had passed and a mere three days before discovery closed the following Monday, Plaintiff filed a motion for leave to file an amended complaint. Doc. 69 (the Motion). Plaintiff claims that the amended complaint is necessary:

1. To include a dollar amount for Plaintiff's damages – Abuse of Process Claim
2. To include a request for nominal, and statutory damages – Abuse of Process and 512(f) Misrepresentation claims.
3. To include humiliation as part of Plaintiff's damages – Abuse of Process and 512(f) Misrepresentation Claims.

*Id*. at 1. But Plaintiff provides no argument whatsoever to explain why the Court should permit amendment aside from generally citing to the Federal Rule of Civil Procedure 15(a) standard and stating that Defendants will not be prejudiced since the amendment will not "materially" alter the allegations in the Complaint. *Id*. at 1-2.

On October 8, 2018, Defendants filed a response opposing the Motion. Doc. 70. Defendants argued, in part, that the Motion should be denied because Plaintiff failed to show good cause pursuant to Federal Rule of Civil Procedure 16(b). *Id*. The Court agrees.

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Alabama Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). A party seeking leave to amend its complaint after she previously has amended the complaint, or after a responsive pleading has been filed, may amend the complaint "with the opposing party's written consent or the court's leave," which must be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Thus, the court must provide substantial justification if it

denies a timely filed motion for leave to amend. *Laurie*, 256 F.3d at 1274. A court has substantial justification to deny a timely motion for leave to amend if it finds: 1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; 2) the amendment would cause undue prejudice to the opposing party; or 3) the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, once the Court enters a scheduling order setting a deadline to amend the pleadings, the deadline to amend the pleadings may only be modified for "good cause" and with the Court's consent. Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (internal quotation marks omitted). "A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint." *Donley v. City of Morrow, Ga.*, 601 F. App'x 805, 811 (11th Cir. 2015) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)).

Here, Plaintiff offered no argument to suggest that there is good cause to modify the deadline to amend the pleadings. Indeed, Plaintiff did not even assert that there is good cause to modify the deadline to amend the pleadings. And based upon the record that is before the Court, the Court finds that there is not good cause to modify the deadline to amend the pleadings. It appears from Plaintiff's proposed amendments that Plaintiff had full knowledge of the information that she now seeks to include in her amended complaint. Therefore, the Court finds that Plaintiff lacked diligence. Further, even to the extent that Plaintiff arguably would not have had full

knowledge of the "dollar amount for Plaintiff's damages," the Court notes that it is not necessary for Plaintiff to include an exact dollar amount in her complaint. Moreover, given Plaintiff's failure to include any argument in support of her position and that more than a year has passed since the Court entered its CMSO, the Court finds, based upon the record before the Court, that Plaintiff failed to timely seek the information she needed to determine whether to amend the complaint, and, therefore, lacked diligence.

      Accordingly, it is **ORDERED** that the Motion (Doc. 69) is **DENIED**.

      **DONE** and **ORDERED** in Orlando, Florida on November 21, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties